UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| EDWARD THOMAS,<br><br>              Plaintiff,<br><br>       v.<br><br>C. PFEIFFER, et al.,<br><br>              Defendants. | Case No. 1:19-cv-01489-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

## I.      BACKGROUND

Edward Thomas ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action.  Plaintiff filed the complaint commencing this action on October 21, 2019.  (ECF No. 1).  Plaintiff did not pay the filing fee or file an application to proceed in forma pauperis.

As the Court finds that Plaintiff had at least three "strikes" prior to filing this action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $400 filing fee in full if he wants to proceed with the action

## II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir. 1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'").

## III. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

### a. Strikes

Plaintiff initiated this action on October 21, 2019. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had at least three "strikes."

The Court takes judicial notice of Thomas v. Parks, E.D. CA, Case No. 1:16-cv-01393, ECF No. 44, in which Chief District Judge Lawrence J. O'Neill found that Plaintiff had at least three "strikes" prior to filing the action. The action was filed on September 20, 2016. Parks, ECF No. 1.

The Court also takes judicial notice of: 1) Thomas v. Terhune, E.D. CA, Case No. 1:03-cv-05467, ECF Nos. 24 & 26 (case dismissed for failure to state a claim); 2) Thomas v. Parks ("Parks II"), 9th Cir., Case No. 18-16947, ECF No. 2 (appeal dismissed because "the appeal is so insubstantial as to not warrant further review");[1] 3) Thomas v. Parks ("Parks III"), 9th Cir., Case No. 19-15193, ECF No. 2 (appeal dismissed because "the appeal is so insubstantial as to not warrant further review"); and 4) Thomas v. Davey, 9th Cir., Case No. 18-16017, ECF No. 2 (appeal dismissed because "the appeal is so insubstantial as to not warrant further review").

Based on Parks, as well as the action and appeals list above, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.

---

[1] See, e.g., McCoy v. Enenmoh, 2014 WL 2524010, at *2 (E.D. Cal. June 4, 2014), report and recommendation adopted sub nom. McCoy v. Stronach, 2014 WL 3615621 (E.D. Cal. July 22, 2014) (finding that an appeal that was dismissed as "'so insubstantial as not to require further argument'" counted as a strike under § 1915(g)).

b.  Imminent Danger

As Plaintiff had at least "three strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury.  The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."  Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient.  White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  See also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)….").  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]."  Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298–99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations.  Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff alleges that he is in imminent danger. However, nothing in Plaintiff's complaint suggests that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint.

Plaintiff's complaint includes numerous allegations (some of which appear to be unrelated to each other), including a retaliatory transfer, "Religious and Racial Discrimination," numerous instances of destruction and/or confiscation of his property, and obstruction of his access to the law library. None of these allegations suggest that Plaintiff is in imminent danger.

Plaintiff does allege various threats, as well as an incident in which his legs were kicked apart, he "almost" lost his balance, and he was "push-pull[ed]" to a wall where he was "aggressively" searched. However, as described above, Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin</u>, 319 F.3d at 1050. Plaintiff has provided no such allegations in this case. There are no factual allegations suggesting that any of the defendants have seriously injured Plaintiff (while Plaintiff alleges he was threatened, there is no indication in the complaint that Plaintiff was seriously injured during the incident in which he was "aggressively" searched). There are also no factual allegations of a pattern of misconduct evidencing a likelihood that any of the defendants will seriously injure Plaintiff in the future.[2]

Plaintiff also alleges that his life is in danger because the Facility-A Program Administrators classified Plaintiff as a "Gang Member-Security Threat Group Affiliate" and as a "Compton Piru," and are attempting to "house/cell" Plaintiff with "documented 'Gang Members, Associates, Affiliates, and Rival Gang Members' in their efforts to either have Plaintiff killed or permanently injured…." However, Plaintiff's complaint does not include any

---

[2] Plaintiff does allege that certain defendants and correctional officers threatened to kill or seriously injure him. However, Plaintiff himself alleges that the threats were contingent upon him attacking (or planning to attack) correctional officers. Plaintiff alleges that these defendants and other officers "threatened Plaintiff that they would beat Plaintiff and then have Plaintiff shot by the gun tower officer as Plaintiff liked to 'Sucker Punch' officers and that if Plaintiff had any intentions of pulling that shit here Plaintiff would be severely beaten and then shot." The Court notes that there is no indication in the complaint that Plaintiff has any intentions of attacking correctional officers.

factual allegations to support these conclusory allegations.

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff not be allowed to proceed *in forma pauperis* in this action and that he be required to pay the $400 filing fee in full if he wants to proceed with this action.

## IV.      CONCLUSION AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1.  Pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action; and

2.  Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **November 18, 2019**                    /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE