UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. PFEIFFER, *et al.*,<br><br>　　　　Defendants. | No.: 1:19-cv-01489-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER REQUIRING PLAINTIFF TO PAY $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS<br><br>(Doc. No. 6) |

Plaintiff Edward Thomas, a state prison inmate, brought this civil rights action *pro se* under 42 U.S.C. § 1983, claiming that the prison officials are putting him in imminent danger. (Doc. No. 1 at ¶¶ 1, 5, 10, 12.)  At issue before the court is whether the exception to the three-strikes rule under 28 U.S.C. § 1915(g) applies: that is, whether plaintiff must pay the required filing fee now to proceed with this action or is entitled to be granted *in forma pauperis* ("IFP") status and pay the filing fee later. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

In a previous case almost two years ago, then Chief District Judge Lawrence J. O'Neill found that plaintiff had suffered three prior strike dismissals under § 1915(g), thereby precluding him from be granted IFP status unless he was "under imminent danger of serious physical injury"

1

1   as required by that statute. *Thomas v. Parks*, No. 116-CV-01393-LJO-JLT (PC), 2018 WL
2   4373021, at *1 (E.D. Cal. Sept. 13, 2018); (*see also* Doc. No. 6 at 2.)  When the issue of
3   plaintiff's IFP status arose again in this case, the assigned magistrate judge found that plaintiff
4   had well passed the three strikes afforded to him by § 1915, and turned to considering whether
5   plaintiff's complaint had plausibly pled that he was in "imminent danger of serious physical
6   injury." (Doc. No. 6 at 3-5.)  Finding that plaintiff had failed to sufficiently plead imminent
7   danger even when the complaint was liberally construed, the magistrate judge, on November 19,
8   2019, recommended that plaintiff should be required to pay $400 in filing fee if he wanted to
9   further proceed with this action. (*Id.*)  In response, plaintiff filed his objections (including various
10  exhibits) on April 14, 2020. (Doc. No. 14.)

11          In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted
12  a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the
13  pending findings and recommendations to be supported by the record and proper analysis.  The
14  court further finds that plaintiff's objections raise various irrelevant and unavailing arguments
15  that had previously been addressed by Judge O'Neill in 2018 WL 4373021, at *1-2, and again in
16  the pending findings and recommendations, (Doc. No. 6 at 3-5)—which the court need not
17  reiterate.  It is notable, however, that plaintiff appears to misunderstand what "imminent danger
18  of serious physical injury" means under § 1915(g) given the arguments advanced in his
19  objections.  Plaintiff's objections fail to show how he has plausibly pled "an ongoing danger," as
20  opposed to merely past injuries or adverse administrative actions by defendants. *See Andrews v.*
21  *Cervantes*, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) (assertions of imminent danger may be
22  rejected if "supported by implausible or untrue allegations" or based on past harms).  For
23  instance, plaintiff points to the fact that he was allegedly injured by officers named in this action
24  in September 2019, (Doc. No. 14 at 24), and that he was transferred by defendants to a different
25  facility due to safety concerns on October 3, 2019 before this action was filed, (*id.* at 35). *See*
26  *Andrews*, 493 F.3d at 1053 (imminent danger is determined based on "the circumstances at the
27  time of the filing of the complaint").  Rather than establishing an ongoing danger, plaintiff'
28  allegations, accepted as true, would establish only that he has been subjected to a past danger that

2

has apparently been remedied by defendants.  Plaintiff's objections, therefore, do not dissuade the court from adopting the pending findings and recommendations.

Finally, plaintiff asks the court to reopen a case that he had filed but was dismissed by another district judge in San Jose.  (Doc. No. at 21.)  The court has no jurisdiction over that case or to issue the order requested by plaintiff; the proper procedure for plaintiff to challenge such a dismissal is to *timely* appeal the order of dismissal in that case.

If plaintiff pays the required filing fee for this action, he may proceed with amending his complaint and seek preliminary injunction in a separate motion that he mentions in his objections.

Accordingly, it is ordered that:

1. The findings and recommendations issued by the magistrate judge on November 19, 2019, are adopted in full;
2. Pursuant to 28 U.S.C. § 1915(g), plaintiff is not allowed proceed *in forma pauperis* in this action; and
3. If plaintiff wishes to proceed with this action, he shall pay the required $400 filing fee in full within 30 days of the date of service of this order.  Any failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **May 2, 2020**                              /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE

3